IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:18-CR-0069 |
| | : | |
| v. | : | (Chief Judge Jones) |
| | : | |
| JERRELL TATE | : | Electronically filed |

**BRIEF IN SUPPORT OF MOTION
FOR COMPASSIONATE RELEASE AND
REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)**

Heidi R. Freese, Esq.
Federal Public Defender
Middle District of Pennsylvania

Quin M. Sorenson, Esq.
Assistant Federal Public Defender
Tammy L. Taylor, Esq.
Staff Attorney
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

# STATEMENT OF THE CASE

The defendant, Jerrell Tate, was convicted of possession with intent to distribute heroin and fentanyl, and sentenced on June 6, 2019, to a term of imprisonment of 132 months, to run consecutively to a Pennsylvania state parole revocation. Doc. 60. He has been in continuous custody for approximately 38 months on his federal case and currently has a projected release date of September 2, 2028. He is presently incarcerated at the McDowell Federal Correctional Institution ("FCI McDowell").

Mr. Tate is 28 years old, and suffers a number of severe medical conditions. Ex. A. He has been diagnosed with acute embolism and thrombosis of veins. Ex. A at 31, 37, 50, 61. In October 2020 he experienced a blood clot in his right leg that required treatment at an outside hospital. Ex. A at 8, 10-11, 13, 14, 15-16, 55-66. His condition is monitored with periodic ultrasounds. Ex. A at 67, 69. He was informed by health services that he has a genetic predisposition to blood clots and will be required to take apixaban for life. Ex. A at 31, 35. He has reason to believe that he may have sickle cell disorder. Doc. 64 at 3. Mr. Tate has also been diagnosed with elevated blood pressure, epistaxis (nose bleeds), and microscopic hematuria (blood in urine). Ex. A at 33, 37, 38, 43, 46, 50. He has recently complained of chest pain and shortness of breath. Ex. A at 18, 22. He suffers from anxiety which requires medication – currently mirtazapine. Ex. A at 1-2, 7, 22, 50, 54. In November 2020, he also tested positive for COVID-19. Ex A at 9, 29, 50.

The risk associated with these conditions, significant in any event, has been exacerbated exponentially by Mr. Tate's infection with COVID-19 at the facility in which he is incarcerated. In addition, confinement during the pandemic, his infection with the virus, and his current medical situation, has seemingly increased his anxiety. Doc. 64 at 3. The Centers for Disease Control and Prevention of the U.S. Department of Health ("CDC") has identified persons suffering from preexisting medical conditions of the type experienced by Mr. Tate – including high blood pressure – as at potential increased risk for severe illness or death from COVID-19,[1] and it has said that these risks are amplified for those in close contact with large groups of people, including specifically those persons who are incarcerated.[2] Moreover, the CDC reports that of people who have had a blood clot, "one third to one half will have long-term complications (post-thrombotic syndrome) such as swelling, pain, discoloration, and scaling in the affected limb."[3]

In light of his situation, Mr. Tate submitted a request on November 25, 2020, to the warden at FCI McDowell, requesting a reduction in his sentence under the

---

[1] CDC, *Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions* (Mar. 29, 2021), *at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] CDC, *Coronavirus Disease 2019 (COVID-19): Correctional and Detention Facilities* (April 9, 2020), *at* https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq.html.

[3] CDC, *Venous Thromboembolism (Blood Clots)* (Feb. 7, 2020), *at* https://www.cdc.gov/ncbddd/dvt/data.html.

compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Doc. 64-1 at 1-4. The warden did not grant the request. Doc. 64-1 at 5. He thereafter submitted a request for relief with this Court, which appointed the Office of the Federal Public Defender for the Middle District of Pennsylvania to represent Mr. Tate in connection with the request. Docs. 64, 65.

This brief is offered in support of Mr. Tate's request for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). Included as exhibits are medical records confirming Mr. Tate's conditions, as well as certificates reflecting Mr. Tate's efforts at rehabilitation. Ex. A; Doc. 64-1 at 6-9.

## STATEMENT OF THE ISSUE

Whether the defendant is entitled to a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of the extraordinary risks to his health and safety resulting from the recent outbreak of COVID-19.

## ARGUMENT

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), permits a court to reduce the sentence of any defendant – on motion of the defendant, if the U.S. Bureau of Prisons ("BOP") has refused to grant the defendant's request for a reduction within thirty days – if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Considerations relevant to this determination include the defendant's "medical condition," "age," and

"family circumstances," but may also include any other consideration bearing on the defendant's health and well-being, as well as post-offense conduct, efforts at rehabilitation, and societal ties. U.S.S.G. § 1B1.13, app. notes; *see also* 28 U.S.C. § 994(t) (delegating authority to U.S. Sentencing Commission to define "extraordinary and compelling reasons"). Once a defendant is deemed eligible for a reduction, the court applies the sentencing factors set forth in 18 U.S.C. § 3553(a) to decide upon the scope of the reduction. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

A reduction is warranted in this case. The serious and life-threatening risks posed to the defendant, Jerrell Tate, by his pre-existing medical conditions and his continued incarceration during the COVID-19 pandemic following a positive test result represent "extraordinary and compelling reasons" under the compassionate release statute, *see infra* Part I, and the sentencing factors of 18 U.S.C. § 3553(a) – including Mr. Tate's efforts at rehabilitation – support a significant reduction in his sentence, *see infra* Part II. The motion should be granted, and Mr. Tate's sentence reduced to time served with a special condition of supervised release for home confinement during the unserved portion of the original term. *See* Doc. 64 at 5.

I. **"EXTRAORDINARY AND COMPELLING REASONS" EXIST FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A).**

The grounds supporting a reduction in Mr. Tate's sentence can only be described as "extraordinary and compelling." He has already tested positive for

COVID-19 and has a history of high blood pressure and blood clots. Ex. A. His positive test results, and potential complications from the infection, may lead to an increased risk of severe illness, particularly given the uncertainty regarding immunity to the contagion and whether individuals may be re-infected. The BOP continues to report infections at FCI McDowell, with 4 staff members currently infected, and 45 staff members and 406 inmates recovered.[4]

Other considerations confirm that this is an "extraordinary and compelling" case. Mr. Tate has completed drug education and wellness programs. Doc. 64-1 at 6-9. He has also worked during his incarceration when his health has allowed. Docs. 64 at 5; 64-1 at 3; Ex. A at 4.

District courts, including this Court, have routinely found circumstances such as these to constitute "extraordinary and compelling reasons" under the compassionate release statute, entitling the defendant to a reduction in sentence. *See, e.g.*, *United States v. Greenlove*, No. 1:12-CR-00194-MEM, ECF No. 1437 (M.D. Pa. Feb. 25, 2021); *United States v. McLean*, 1:97-cr-00163-LMB (E.D. Va. Mar. 11 2021); *United States v. Guston*, No. 3:12-CR-00116-CWR-FRB, 2021 WL 149018, at * 3 (S.D. Miss. Jan. 15, 2021); *United States v. Robinson*, No. 3:10-CR-00261, 2020 WL 4041436 (E.D. Va. July 17, 2020); *United States v. Salvagno*, No. 5:02-CR-051, 2020 WL 3410601 (N.D.N.Y. June 22, 2020); *United States v. Lavy*,

---

[4] U.S. Bureau of Prisons, *COVID-19 Coronavirus* (May 12, 2021), *at* https://www.bop.gov/coronavirus/.

17-CR-20033, 2020 WL 3218110, at *4 (D. Kan. June 15, 2020); *United States v. Feucht*, No. 11-CR-60025, 2020 WL 2781600 (S.D. Fla. May 28, 2020). The Court should do the same here.

**II.   THE SENTENCING FACTORS OF 18 U.S.C. § 3553(A) SUPPORT A SIGNIFICANT REDUCTION IN SENTENCE.**

The scope of any reduction in sentence must be determined based upon the factors and purposes enumerated in 18 U.S.C. § 3553(a), including the needs to "provide just punishment for the offense," to "afford adequate deterrence" and "protect the public," and to "provide the defendant with needed … medical care." *Id.* Those needs would be best advanced in this case by imposition of a modified sentence of time served.

Mr. Tate has been in custody on his federal case for approximately 38 months. To address "just punishment" and any recidivism concerns, this Court may impose a lengthened term of supervised release to correspond with the unserved portion of Mr. Tate's term of imprisonment, with the condition of home confinement during some or all of that term. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ladson*, No. 04-697-1, 2020 WL 3412574, at *9 (E.D. Pa. June 22, 2020) (releasing an inmate who was serving a 240-month sentence and suffered from type 2 diabetes, gout and high blood pressure and noting that the risk of him engaging in any further criminal conduct can be managed through the terms of his supervised release). Mr. Tate's prison reports disclose no infractions or disciplinary issues, and he has

6

completed drug education and other wellness programs. Docs. 64 at 2; 64-1 at 6-9; *cf., e.g.*, *Pepper v. United States*, 562 U.S. 476, 492 (2011) (post-offense developments provide "the most up-to-date picture" of the defendant's history and characteristics, and "shed[ ] light on the likelihood that [he or she] will engage in future criminal conduct"). The proposed sentence would thus "afford adequate deterrence" and "protect the public."

As to protecting the health of Mr. Tate, early release is not only appropriate but necessary. Mr. Tate faces a serious present danger of illness or even death from incarceration, particularly with the spread of contagion, and that danger will only escalate the longer he is imprisoned. By contrast, if released, Mr. Tate could be placed under the supervision of a his family in Harrisburg, Pennsylvania, who would be able to ensure not only that Mr. Tate abides by any conditions imposed upon him, but also that he receives proper medical treatment. *See* Doc. 64 at 6. In this case, the most "needed … medical care" for Mr. Tate is release from the extremely hazardous environment of prison, and into a more safe and stable setting.

The proposed sentence is "sufficient … but not greater than necessary" to meet the sentencing goals of 18 U.S.C. § 3553(a). That is the modified sentence that should be imposed.

## CONCLUSION

For the foregoing reasons, the motion for compassionate release and reduction of sentence should be granted, and the defendant should be resentenced in accord with the sentence proposed in this brief.

Date:  May 17, 2021	Respectfully submitted,

/s/ *Quin M. Sorenson*

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I, Quin M. Sorenson, Esquire, of the Federal Public Defender's Office, certify that I caused to be served on this date a copy of the foregoing filing via electronic case filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

    Carl D. Marchioli, Esquire
    United States Attorney's Office
    *carlo.d.marchioli@usdoj.gov*


Date:  May 17, 2021                    /s/ *Quin M. Sorenson*
                                                   QUIN M. SORENSON, ESQUIRE
                                                   Assistant Federal Public Defender