# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:18-CR-0069 |
| | : | |
| v. | : | (Chief Judge Jones) |
| | : | |
| JERRELL TATE | : | Electronically filed |

# REPLY BRIEF IN SUPPORT OF MOTION
# FOR COMPASSIONATE RELEASE AND
# REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

The government concedes that the defendant in this case, Jerrell Tate, exhausted his administrative remedies and is eligible for relief under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 70 at 5 n.1. The only issue, therefore, is whether the risks posed to Mr. Tate from his current confinement – particularly in light of the ongoing pandemic – constitute "extraordinary and compelling reasons" and warrant a reduction in his sentence. They plainly do, as shown in the opening brief. *See* Doc. 66. While the government endeavors to downplay those risks, and exaggerate the need for continued incarceration, it does not and cannot undermine that showing or truly challenge Mr. Tate's entitlement to relief.[1] The motion for compassionate release should be granted, and Mr. Tate resentenced accordingly.

---

[1] After acknowledging that Mr. Tate was infected with the COVID-19 virus in November 2020 (Doc. 70 at 8 n.2), the government argues that Mr. Tate's motion should be denied because he "was offered—but refused—the COVID-19 vaccine in April 2021." Doc. 70 at 8. But Mr. Tate may have had good reason to reject the vaccine at the time, including his recent infection, from which he may still have natural antibodies, and "his genetic predisposition to form blood clots" with one being monitored in his leg. *See* Doc. 66, Ex. A at 35, 68-69. Moreover, the government focuses on the crime and Mr. Tate's past behavior, arguing that he is a "danger to the community." Doc. 70 at 9-10. This ignores that Mr. Tate has worked during his incarceration and completed drug education and wellness programs. *See* Doc. 66 at 5. Finally, the government asserts that Mr. Tate has not provided "necessary" information "about with whom he would live, whether he would work, and how he would attempt to avoid contracting COVID-19." Certainly further details about Mr. Tate's proposed living arrangements can be provided, and confirmed by the probation office, prior to (and as a prerequisite to) his release.

Date: May 24, 2021                    Respectfully submitted,

/s/ *Quin M. Sorenson*

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I, Quin M. Sorenson, Esquire, of the Federal Public Defender's Office, certify that I caused to be served on this date a copy of the foregoing filing via electronic case filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

    Carl D. Marchioli, Esquire
    United States Attorney's Office
    *carlo.d.marchioli@usdoj.gov*

Date: May 24, 2021                  /s/ *Quin M. Sorenson*
                                          QUIN M. SORENSON, ESQUIRE
                                          Assistant Federal Public Defender