UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JERRRELL TATE

Case: 1:18-cr-69

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Tate is a 28-year old man serving an 132 month sentence for trafficking heroin and fentanyl. He has a projected release date in September of 2028. Tate has a blood clotting disorder that requires monitoring with ultrasounds and medication. Tate previously contracted COVID-19 in November of 2020 and has since recovered. In April of 2021, Tate refused receipt of the Pfizer vaccine.

At present, the risk of exposure at the Defendant's facility appears to be minimal: as of today's date there were 0 active inmate cases of COVID-19 at FCI-McDowell, located in Welch, West Virginia. There are 4 active staff cases. Further, 748 of the institution's population of 1,352 inmates have been fully inoculated against COVID-19. 142 staff members are fully vaccinated. Thus, we have no objective basis to find that the Defendant is at imminent risk of re-contracting COVID-19 at his facility.

Based on the foregoing, Tate has not demonstrated "extraordinary and compelling circumstances" warranting compassionate release. Moreover, the Court finds that a review of the 18 U.S.C. Section 3553(a) factors also do not favor release, as Tate, a career offender, has a significant criminal history involving drug and firearms offenses. He was on state parole when he committed the instant offense of conviction, and the sentence imposed in this matter was made consecutive to his anticipated state parole revocation. Given the seriousness of Defendant's crime and his history of recidivism we simply cannot find that the 3553(a) factors warrant his release.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**
Dated:   6/2/21

/S/ JOHN E. JONES III
---
John E. Jones, III, Chief Judge
United States District Court
Middle District of Pennsylvania